CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 09 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **FRANKIE JAE LORDMASTER,** | ) | Civil Action No. 7:15-cv-00476 |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **v.** | ) | |
| | ) | **By:    Michael F. Uranbanski** |
| **MR. MOORE, III,** *et al,* | ) | **United States District Judge** |
| **Defendant(s).** | ) | |

Frankie Jae LordMaster, proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. By Order entered September 3, 2015, the court directed plaintiff to submit within 10 days from the date of the Order an inmate account form, and a certified copy of plaintiff's trust fund account statement for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate prison official of each prison at which plaintiff is or was confined during that six-month period. On October 1, 2015, plaintiff submitted a response to the order entered September 3, 2015. (Dkt. No. 7). Plaintiff provided a blank Prisoner Trust Account Report, and noted on it that he received the court's order on September 8, 2015 and the deadline was September 13, 2015 to submit the required form and information. Plaintiff also noted on the form to "see attached order at #3" Plaintiff included page 2 of the Order dated September 3, 2015 where plaintiff circled the paragraph 3 of the order which directed the trust account officer at plaintiff's place of incarceration to treat the order as an instruction to provide the plaintiff with additional photocopying service loans to the extent necessary to provide certified copies of the requested trust account statements.

Plaintiff's also provided a copy of the Offender Trust Daily Receipt on which he wrote "Counselor refuses to answer numerous requests & Fiscal Tech refuses to provide IFP files. . . . Best evidence IFP." Plaintiff signed and dated this page under penalty of perjury. Finally, Plaintiff provided the Offender Request form signed by the Trust Account Officer stating "I will

have copies ready when I receive the money withdrawal signed by you & your counselor. Please see highlighted, you must contact the other institutions & receive your copies" Plaintiff was advised that a failure to comply would result in dismissal of this action without prejudice.

The conditionally filed order dated September 3, 2015 directs the plaintiff to "return to the court an inmate account form, and a certified copy of plaintiff's trust fund account statement for the six-month period immediately preceding the filing of the complaint, obtained from the **appropriate prison official of each prison at which plaintiff is or was confined during that six-month period."** Plaintiff has not provided a properly completed inmate account statement from his present place of incarceration or from the trust account officer from the institutions where Plaintiff was housed in the six months prior to filing suit.

More than 10 days have elapsed, and plaintiff has failed to comply with the described conditions. Accordingly, the court dismisses the action without prejudice and strikes the case from the active docket of the court. Plaintiff may refile the claims in a separate action once plaintiff is prepared to comply with the noted conditions.

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This _____ day of October, 2015.

/s/ Michael F. Urbanski

United States District Judge